

 



**GOLKOW HESSEL**
ATTORNEYS

Timothy J. Ryan, Esquire
tryan@golkowhessel.com
(215) 988-0032  Direct
(215) 988-0042  Fax

1628 Pine Street
Philadelphia, PA 19103
(215) 988-9400
www.golkowhessel.com

April 4, 2020

**Via Regular Mail & Restricted Certified Mail – Return Receipt Requested**
**No.: 7020 0090 0001 7381 3571**

General Motors Company ("GM")
300 Renaissance Center
Detroit, MI 48265

Re:   **AmTrust North America, et al. v. General Motors Company, et al.**
      **Superior Court of New Jersey – Atlantic County**
      **Law Division – Docket No.: 0898-20**

## NOTICE OF LAWSUIT

Dear Sir/Madam:

Enclosed, please find a copy of the Civil Action Summons, Track Assignment Notice, and the Civil Complaint, which has been filed against you.  Please be guided accordingly.

Please be guided accordingly.

Sincerely,

GOLKOW HESSEL, LLC

By: Timothy J. Ryan, Esquire
TJR/sh
Enclosures

---

Pennsylvania   |   New Jersey

## SUMMONS

| | | |
|---|---|---|
| Attorney(s) | Timothy J. Ryan, Esquire | |
| Office Address | Golkow Hessel, LLC | |
| | 1628 Pine Street | |
| Town, State, Zip Code | Philadelphia, PA 19103 | |
| Telephone Number | (215) 988-9400 | |
| Attorney(s) for Plaintiff | AmTrust North America | |

AmTrust North America, et al.

_____

Plaintiff(s)

Vs.

General Motors Company, et al.

_____

Defendant(s)

## Superior Court of New Jersey

| Atlantic | COUNTY |
|---|---|
| Law | DIVISION |

Docket No: 0898-20

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_____

Clerk of the Superior Court

DATED:    04/04/2020

Name of Defendant to Be Served:   Aptiv PLC f/k/a Delphi Automotive PLC

Address of Defendant to Be Served:   100 Northern Avenue, Boston, MA 02210

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

ATL L 000898 20   03/20/2020 4:41:05 AM   Pg 1 of 1 Trans ID: LCV2020566531

```
SUPERIOR COURT OF NEW JERSEY
ATLANTI COUNTY LAW DIV
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 402-0100
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   MARCH 19, 2020
                    RE:     AMTRUST NORTH AMERIC A   VS GENERAL MOTORS COMPA N
                    DOCKET: ATL L -000898 20


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON JOSEPH L. MARCZYK

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (609) 402-0100 EXT 47780.


    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                            ATT: DANIEL L. HESSEL
                            GOLKOW HESSEL LLC
                            1628 PINE ST
                            PHILADELPHIA    PA 19103


ECOURTS
```

## SUPERIOR COURT OF NEW JERSEY
## ATLANTIC COUNTY COUNTY-LAW DIVISION

|  |  |
|---|---|
| **AmTrust North America,**<br>3 Independence Way-Suite 401<br>Princeton, NJ 08540, as subrogee of,<br>**Jeffrey Burgess**<br>444 Laurel Avenue<br>Fredericksburg, VA 22408,<br><br><br><br><br>v.<br><br><br>**General Motors Company ("GM")**<br>300 Renaissance Center<br>Detroit, MI 48265,<br>    and<br>**Smail Buick GMC**<br>5116 U.S. 30<br>Greensburg PA 15601,<br>    and<br>**Aptiv PLC formerly known as**<br>**Delphi Automotive PLC**<br>5 Hanover Quay<br>Grand Canal Dock<br>Dublin 2, Ireland<br>    and/or<br>100 Northern Ave,<br>Boston, MA 02210<br>    and<br>**Delphi Technologies**<br>1501 County Rd E 200 N,<br>Kokomo, IN 46901<br>    and<br>**John and Janes Does 1-10**<br>    and<br>**ABC Corporations 1-10**<br>    and<br>**DEF Companies 1-10,**<br><br>    Defendants. | DOCKET NO:<br><br>LAW DIVISION-CIVIL ACTION<br><br><br>COMPLAINT |

## COMPLAINT

**COMES NOW** the Plaintiff, AmTrust North America as subrogee of Jeffrey Burgess, by and through its counsel, and who files its Complaint against the above-named Defendants and alleges:

## PARTIES

1.     Plaintiff, Amtrust North America ("Amtrust"), is a company located at the above-captioned address, incorporated in Delaware, and has paid, and may continue to pay, workers' compensation benefits to and on behalf of Jeffrey Burgess, as a result of a motor vehicle accident that occurred on April 10, 2018.

2.     Amtrust brings this action on its own behalf and as assignee, subrogee, and on behalf of Jeffrey Burgess ('Mr. Burgess'), as permitted under New Jerseys workers' compensation laws, N.J. Stat. § 34:15-40(f), and asserts all of its rights and the rights of Mr. Burgess to recover for his past and future economic and non-economic damages.

3.     Pursuant to N.J. Stat. § 34:15-40, notice was given by Plaintiff to Mr. Burgess of Plaintiff's intent to institute this lawsuit and after the required waiting period Mr. Burgess declined to take action and thus all of his rights have been assigned to Amtrust.

4.     Defendant General Motors Company ("GM") is a corporation duly organized and existing under the laws of the State of Michigan and is incorporated in Delaware.

5.     Defendant Smail Buick GMC ("Smail") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and sold and/or inspected and/or performed maintenance on and/or certified as safe the vehicle that was involved in the New Jersey accident referenced herein.

2

6.     Defendant, Aptiv PLC formerly known as Delphi Automotive is a corporation duly organized and existing under the laws of Ireland and/or the Commonwealth of Massachusetts and designed, manufactured, sold, distributed, inspected and/or certified as safe the airbags for the vehicle that was involved in the New Jersey accident referenced herein.

7.     Defendant, Delphi Technologies is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and designed, manufactured, sold, distributed, inspected and/or certified as safe the airbags for the vehicle that was involved in the New Jersey accident referenced herein.

8.     Defendants John/Jane Does 1-10 are fictitious names for persons whose true identities are unknown at this time, and who through their own negligent acts or omissions caused, in whole or in part, the accident and injuries complained of herein. Plaintiff reserves the right to amend this Complaint to properly name any John/Jane Doe defendants once their true identities are discovered.

9.     Defendants, ABC Corporations 1-10 are fictitious names for partnerships, corporations or other business entities whose true identities are unknown at this time, and who through their own negligent acts or omissions caused, in whole or in part, the accident and injuries complained of herein. Plaintiff reserves the right to amend this Complaint to properly name any ABC Corporation defendants once their true identities are discovered.

10.    Defendants, DEF Companies 1-10 are fictitious names for persons, partnerships, corporations or other entities whose true identities are unknown at this time, and who through their own negligent acts or omissions caused, in whole or in part, the accident and injuries complained of herein who, at present, remain unknown. Plaintiff reserves the right to amend this

Complaint to properly name any DEF Company defendants once their true identities are discovered.

11.    One or more of the fictitious Defendants named herein was responsible for the design, manufacture, sale, and/or distribution of the airbag in the vehicle Jeffrey Burgess was operating at the time of the accident.

12.    One or more of the fictitious Defendants named herein was responsible for the service, inspection and/or maintenance of the airbag in the vehicle Jeffrey Burgess was operating at the time of the accident.

## JURISDICTION AND VENUE

13.    Defendants are subject to the specific personal jurisdiction of this Court because Plaintiff's cause of action arises from activities within the State of New Jersey, and because the incident happened in New Jersey.

14.    Venue is appropriate in that a substantial part of the events or omissions giving rise to the claim occurred in Atlantic County, New Jersey.

## FACTS COMMON TO ALL COUNTS

15.    At all times material hereto, Defendant GM was in the business of designing, manufacturing, testing, marketing, advertising, promoting, installing, distributing, supplying and selling 2014 GMC Sierra Model 1500 pick-up trucks, including the airbags in the aforesaid vehicle type being operated by Jeffrey Burgess at the time of his April 10, 2018 motor vehicle accident.

16.    At all times material hereto, Defendant GM was responsible for the design, manufacture, maintenance, inspection, certification, testing and repair of the 2014 GMC Sierra Model 1500 pick-up trucks, including the airbags owned, leased, used and operated by Jeffrey Burgess and others.

4

17. At all times material hereto, Defendant Aptiv PLC formerly known as Delphi Automotive PLC and Defendant Delphi Technologies (collectively referred to as "Delphi") were responsible for the design, manufacture, maintenance, inspection, certification, testing and repair of the airbags in the 2014 GMC Sierra Model 1500 pick-up trucks, including the vehicle used and operated by Jeffrey Burgess.

18. Defendant, Smail Buick GMC sold and/or inspected and/or performed maintenance on and/or certified as safe the vehicle that was involved in the New Jersey accident referenced herein.

19. At all times material hereto, Jeffrey Burgess was acting within the course and scope of his employment.

20. On or about April 10, 2018, Mr. Burgess was operating a 2014 GMC Sierra 1500 truck in the parking lot of The Hamilton Mall, 4403 Black Horse Pike, in Mays Landing, New Jersey, when he crashed his vehicle into a parking lot pole near Macy's, causing him to sustain serious and permanent personal injuries.

21. The airbags in Mr. Burgess' vehicle did not deploy as intended, thereby causing and/or contributing to and/or exacerbating Mr. Burgess' serious and permanent personal injuries, including but not limited to: central cord syndrome at C4 with partial paralysis and numerous complications resulting therefrom.

22. As a result of the incident, Mr. Burgess has suffered and will continue to suffer in the future physical and emotional pain and suffering.

23.     As a result of the incident, Mr. Burgess has suffered and will continue to suffer humiliation, embarrassment, disfigurement, inconvenience, aches and pains, restriction of movement, and the loss of life's pleasures.

24.     As a result of the incident, Mr. Burgess required extensive medical treatment, including but not limited to hospitalization, surgeries, and rehabilitative treatment and physical therapy, all of which may continue in the future.

25.     As a result of the incident, Amtrust has incurred and will incur in the future medical bills and expenses on behalf of Mr. Burgess, as well as past and future indemnity payments, specifically to date $1,332,445.64 ($37,925.00 indemnity and $1,294,520.64 medical) and continuing.

26.     As a result of the incident, Mr. Burgess has suffered lost wages, and may suffer a loss of his future earnings and earning capacity.

27.     As a result of the incident, Plaintiff AmTrust, as Mr. Burgess' employer's workers' compensation insurance carrier, has expended significant sums of money, with respect to both indemnity and medical benefits, in excess of $75,000.00.

## COUNT I
## PRODUCT LIABILITY PURSUANT TO N.J.S.A. 2A:58C-1
## PLAINTIFF V. ALL DEFENDANTS

28.     Plaintiff incorporates by reference all averments set forth above.

29.     The subject airbags ('Product') were defective and unreasonably dangerous in design because the Product's risks outweighed their utility and/or because a practical and feasible alternative design would have eliminated the risks.

30.     The airbags were defective and unreasonably dangerous in their manufacture because they deviated in a material way from Defendants design specifications formula, performance standards, or from otherwise identical airbags manufactured to the same specifications.

31.     The airbags were defective and unreasonably dangerous because they failed to contain adequate warnings and instructions, including post-sale warnings and instructions, which a reasonable product manufacturer would have provided with respect to the risks and dangers of the Product.

32.     The defects and unreasonably dangerous conditions of the airbags and related component parts existed at the time the product left Defendants' control.

33.     The defects and unreasonably dangerous conditions of the airbags could have been eliminated without substantially compromising the Products' usefulness or desirability.

34.     The subject airbags, which were designed, manufactured, tested, marketed, advertised, promoted, installed, distributed, supplied, sold, serviced, repaired, maintained, and/or placed into the stream of commerce by Defendants were also in a defective condition because they failed to contain adequate instructions and warnings, including post-sale instructions and warnings, regarding safe use and operation. The defective condition of the instructions and warnings rendered the Product unreasonably dangerous to users and consumers, such as Mr. Burgess.

35.     As a direct and proximate result of the defective and unreasonably dangerous conditions of the airbags, Defendants are liable for the injuries and damages caused by this defective product, pursuant to New Jersey Product Liability Act, et. seq. N.J.S.A. 2A:58C-1.

7

36.     The subject airbags, which were designed, manufactured, tested, marketed, advertised, promoted, installed, distributed, supplied, sold, serviced, repaired, maintained, and/or placed into the stream of commerce by Defendants were also unfit and unsafe for their normal intended uses and particular purposes and were not merchantable, and thus Defendants breached the implied warranties which accompanied the Product. Mr. Burgess justifiably relied on such implied warranties when electing to use the Product.

37.     Furthermore, Defendants owed a duty to the public, and specifically to Plaintiff and Mr. Burgess, to exercise reasonable care in the design, manufacture, testing, marketing, advertising, promotion, installation, distribution, supply, sale, service, repair, maintenance, recall, and/or placement into the stream of commerce by Defendant of the subject airbags, to ensure the safety and protection of users and consumers, including Mr. Burgess.

38.     Defendants breached their duties, and negligently designed, manufactured, distributed, installed, and/or sold the airbags in defective and unreasonably dangerous conditions, which created unreasonable risks of harm to users and consumers, such as Mr. Burgess.

39.     The subject product was at all times relevant hereto in a defective and unreasonably dangerous condition, for reasons that include but are not limited to:

  a. Designing, selling, manufacturing, and distributing a vehicle with defective and faulty airbags;

  b. Designing, selling, manufacturing, and distributing a vehicle with defective and fault steering assist;

  c. Designing, selling, manufacturing, and distributing a vehicle that is defective in design and unreasonably dangerous;

  d. Designing, selling, manufacturing, and distributing a vehicle that failed to protect the occupants as it was designed to do;

e.  Designing, selling, manufacturing, and distributing a vehicle with a manufacturing defect;

f.  Designing, selling, manufacturing, and distributing a vehicle that malfunctioned;

g.  Failing to timely and promptly recall a product knowing that it was defective;

h.  Failing to adequately test, service, and inspect the subject vehicle and vehicles like it;

i.  Failing to test, correct or otherwise remedy the sensing and diagnostic modules of the airbags for certain GMC Sierra Model 1500 pick-up trucks, including the airbags in the aforesaid vehicle type being operated by Jeffrey Burgess;

j.  Failing to test, correct or otherwise remedy the airbag deployment mechanism(s) of the airbags for certain GMC Sierra Model 1500 pick-up trucks, including the airbags in the aforesaid vehicle type being operated by Jeffrey Burgess;

k.  Failing to test, correct or otherwise remedy the "test mode" setting of the airbags for certain GMC Sierra Model 1500 pick-up trucks, including the airbags in the aforesaid vehicle type being operated by Jeffrey Burgess;

l.  Failing to prevent certain GMC Sierra Model 1500 pick-up trucks, including the airbags in the aforesaid vehicle type being operated by Jeffrey Burgess, from going into "test mode" during the normal and intended operation of said vehicles;

m.  Failing to warn users such as Jeffrey Burgess, of the dangers associated with the airbag deployment mechanism of the airbags for certain GMC Sierra Model 1500 pick-up trucks, including the airbags in the aforesaid vehicle type being operated by Jeffrey Burgess;

n.  Failing to warn users such as Jeffrey Burgess, of the product recall associated with the airbag deployment mechanism and/or steering assist of the airbags for certain GMC Sierra Model 1500 pick-up trucks, including the airbags and steering assist in the aforesaid vehicle type being operated by Jeffrey Burgess.

40.  As a direct and proximate result of Defendants' strict liability, breach of implied warranty, and negligence, Mr. Burgess suffered serious and permanent injuries, including but not limited to: central cord syndrome at C4 with partial paralysis and numerous complications resulting therefrom.

ATL-L-000898-20   03/19/2020 1:11:48 PM   Pg 10 of 11 Trans ID: LCV20200561432

41.     As a direct and proximate result of Defendants' strict liability, breach of implied warranty, and negligence, Mr. Burgess has suffered, and will continue to suffer the injuries, damages, and harms discussed above and incorporated herein.

42.     As a direct and proximate result of Defendants' strict liability, breach of implied warranty, and negligence, Plaintiff Amtrust North America has paid workers' compensation benefits to and on behalf of Plaintiff for indemnity and his medical bills and will likely continue to pay same into the future.

43.     Plaintiff Amtrust North America makes a subrogation claim to the fullest extent permitted under New Jersey law, to recoup all benefits paid as a result of this accident, benefits owing in the future, and for all damages recoverable at law by Mr. Burgess for his past and future pain, suffering, and other non-economic damages.

**WHEREFORE,** Plaintiff, AmTrust North America, individually and as subrogee of Jeffrey Burgess, demands judgment in its favor and against Defendants, plus interest, costs, and all other relief which this Honorable Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, the undersigned certifies that to the best of his knowledge, the matter in controversy is not the subject of any other action pending in any court or of any arbitration proceeding, and no such action or proceeding is contemplated nor are other parties required to be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Plaintiff designates Daniel L. Hessel, Esquire as trial counsel.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiffs hereby demand that Defendants answer Form C Interrogatories and Form C (4) Interrogatories.

**GOLKOW HESSEL, LLC**

BY: *Daniel L. Hessel*
    Daniel L. Hessel, Esquire
    Attorney for Plaintiff

Date: 03/19/20

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-000898-20**

**Case Caption:** AMTRUST NORTH AMERIC A  VS
GENERAL MOTORS COMPA N

**Case Initiation Date:** 03/19/2020

**Attorney Name:** DANIEL LLOYD HESSEL

**Firm Name:** GOLKOW HESSEL LLC

**Address:** 1628 PINE ST
PHILADELPHIA PA 19103

**Phone:** 2159889400

**Name of Party:** PLAINTIFF : AmTrust North America

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/19/2020
Dated

/s/ DANIEL LLOYD HESSEL
Signed



GOLKOW HESSEL, LLC
1628 Pine Street
Philadelphia, PA 19103

TO:

General Motors Company ("GM")
300 Renaissance Center
Detroit, MI 48265

7020 0090 0001 7381 3571



